## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ALBERT L. JOHNSON,                          Case No. 25-CV-726 (NEB/JFD)

        Plaintiff,

v.                                          ORDER ACCEPTING REPORT AND
                                               RECOMMENDATION

MELLISA KLEIN, DESIREE K. ROZIER,
RYAN SCHNEIDER, COLBY LUCAS,
EMILY WAKEMAN, A. LEON, and
WARDEN RADIN,

        Defendants.

---

Albert L. Johnson is civilly committed at the Federal Medical Center in Rochester, Minnesota, under 18 U.S.C. Section 4246. (ECF Nos. 1, 1-1 at 2.) Johnson brings this action against Defendants for allegedly violating his constitutional rights in preparing a falsified Risk Assessment. (ECF No. 1 at 4.) Johnson asks the Court to reject the Risk Assessment and order a new psychological assessment with independent psychologists, his immediate release, and damages. (*Id*.) Johnson also applied to proceed without prepaying fees ("IFP Application") and moved to appoint counsel. (ECF Nos. 2–3.)

In a Report and Recommendation, United States Magistrate Judge John F. Docherty recommends dismissing Johnson's complaint as frivolous and denying his IFP Application and motion to appoint counsel as moot. (ECF No. 4 ("R&R") at 6.) Johnson objected to the R&R, (ECF No. 5 ("Obj.")), so the Court reviews it *de novo*. 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Johnson is proceeding *pro se*, the Court construes his objection liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, *pro se* plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible" or their complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Johnson's objection focuses on alleged inaccuracies in the Risk Assessment, and maintains, incorrectly, that the R&R did not address his motion to appoint counsel. (Obj. at 1–2.) The R&R recommends dismissal of the action as frivolous because the relief requested is unavailable. (R&R at 4–5.) Johnson seeks to revise his damages request from $7 "centrillion" to $7 trillion, (Obj. at 2), but the amount sought is irrelevant. Damages are unavailable because if Johnson were to succeed in this action, it "would necessarily imply the invalidity of his confinement." *Perkins v. Anderson*, No. 06-CV-4021 (PAM/FLN), 2006 WL 3392787, at *1 (D. Minn. Nov. 21, 2006) (dismissing § 4246 civil detainee's suit for damages under *Heck v. Humphry*, 512 U.S. 477 (1994)).

As for Johnson's requested injunctive relief, the R&R concluded that the relief challenged his ongoing civil confinement and thus was unavailable in a standard civil action. (R&R at 4–5.) Johnson contends that he can pursue this civil action under 28 U.S.C. Section 1331. (Obj. at 3.) But Section 1331 "does not authorize this Court to compel [Johnson's] release. Rather, it simply confers jurisdiction over causes of action created by

federal law and certain state law claims that are predicated on federal law." *Lucas R. v. Azar*, No. CV 18-5741-DMG (PLAx), 2018 WL 10483438, at *2 n.3 (C.D. Cal. Sept. 6, 2018).

Johnson also argues that this action may proceed under 28 U.S.C. Section 1651 (All Writs Act), regardless of the availability of habeas relief or a commitment hearing under 18 U.S.C. Section 4247(h). (Obj. at 3.) He is incorrect. "The All Writs Act is a residual source of authority . . . . Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

Johnson's requested relief is addressed by statute, and so the All Writs Act does not apply. Johnson argues that he should no longer be confined based on his allegedly falsified Risk Assessment. Section 4247(h)—which allows for a hearing to determine whether a committed person should be discharged—"provides the mechanism through which a civil detainee may present" a claim that he should no longer be confined. *Perkins v. Rardin*, No. 24-CV-140 (KMM/LIB), 2024 WL 4485569, at *2 (D. Minn. Jan. 29, 2024), *report & recommendation adopted*, 2024 WL 4164226 (D. Minn. Sept. 12, 2024). To the extent that Johnson challenges the legality of his commitment, Section 4247(g) provides that a person committed under Section 4246 is not precluded "from establishing by writ of habeas corpus the illegality of his detention." *See Mendez v. Trump*, No. CV 18-1164 (UNA), 2018 WL 11670884, at *1 (D.D.C. June 7, 2018) (dismissing civil detainee's § 1651 petition for mandamus because "[n]othing contained in [§ 4246] precludes a person who

3

is committed under [that section] from establishing by writ of habeas corpus the illegality of his detention," thus foreclosing mandamus as a remedy (citing § 4247(g)), *aff'd*, 744 F. App'x 706 (D.C. Cir. 2018); *see Kelso v. United States*, No. 20-5041, 2021 WL 5626315, at *3 (10th Cir. Dec. 1, 2021) (affirming dismissal of § 1651 action to terminate civil commitment because he could seek habeas relief).

Based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1.    Plaintiff Albert L. Johnson's Objection (ECF No. 5) is OVERRULED;

2.    The Report and Recommendation (ECF No. 4) is ACCEPTED;

3.    This action is DISMISSED WITHOUT PREJUDICE as frivolous under 28 U.S.C. Section 1915(e)(2); and

4.    Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3) are DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 17, 2025                    BY THE COURT:

                                         s/Nancy E. Brasel
                                         Nancy E. Brasel
                                         United States District Judge